BOWERS v. MALE et al.

(Supreme Court, Appellate Division, First Department. February 24, 1905.)

COSTS—EXTRA ALLOWANCE.

> Where, at the time a motion was made for an extra allowance, the costs of certain defendants had not been adjusted, taxed, or noticed for taxation, and in the judgment a vacant space was left where they could be entered, the court had authority to amend the judgment by permitting, in addition to the costs awarded by it, an extra allowance to the defendants in question, in such amount as was proper on the facts.

Appeal from Special Term, New York County.

Action by John M. Bowers, as receiver of the Mercantile Credit Guarantee Company of New York, against James W. Hinckley and others. From an order granting an extra allowance, plaintiff appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

George Zabriskie, for appellant.

C. V. Nellany, for respondents.

PER CURIAM. When the motion was made for an extra allowance, costs of the defendants Messrs. Hinkley and Fitzgerald had not been adjusted, taxed, or noticed for taxation, and, in the judgment as entered by the plaintiff, a vacant space was left wherein they could be entered. It was within the power of the court, therefore, to amend the judgment by permitting, in addition to the costs awarded by the judgment, an extra allowance in such amount as was proper upon the facts.

We think, however, that the amount of the extra allowance was too large, considering the fact that the attorney for these defendants represented other defendants who were unsuccessful, and that the effect would be to take away the entire benefit of the extra allowance awarded to the plaintiff.

The order should accordingly be modified by fixing the amount of the extra allowance of these defendants at $250, and as thus modified it should be affirmed, without costs.